IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                            CASE NO.: 4:08cr29-SPM

KEVIN DENNIS O'CONNOR,

       Defendant.
_____/

### ORDER DENYING MOTION TO WITHDRAW PLEA

This cause comes before the Court for consideration of Defendant's Motion to Withdraw Plea (doc. 326).

A district court may permit the withdrawal of a plea before sentencing if the defendant shows any "fair and just reason." Fed. R. Crim. P. 32(e). In evaluating a motion to withdraw, a court should consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988) (internal citations omitted). A consideration of each of these factors demonstrates that Defendant should not be allowed to withdraw his plea.

First, Defendant had close assistance of counsel. From the time of his arraignment on November 11, 2008, Defendant has been represented by Armando Garcia, an experienced defense lawyer. Mr. Garcia represented Defendant at the change of plea hearing on February 9, 2009, before the Honorable William C. Sherrill, Jr., United States Magistrate Judge. At that time, Defendant entered a plea of guilty to Count IV of the Third Superseding Indictment. The record shows Defendant had close assistance of counsel at the time he entered his plea.

Second, Defendant's plea was knowing and voluntary. All of the matters required under Fed. R. Crim. P. 11 are covered in the Magistrate Judge's Report and Recommendation. Defendant makes no claim that the Magistrate Judge failed to advise him of the charges, his rights, or the possible penalties. Defendant represented to the Magistrate Judge when he entered his plea that he understood the sentence he faced and that no one made any threats or promises to make him plead guilty.

Third, judicial resources would not be conserved by allowing Defendant to withdraw his plea since Defendant has already admitted his guilt. Defendant signed a Statement of Facts (doc. 289) in which he admitted to selling methamphetamine to the cooperating source in exchange for $2,000, as charged in Count IV. Judicial resources would not be conserved by allowing Defendant to withdraw his guilty plea.

Finally, the government may be prejudiced if Defendant were allowed to

withdraw his plea.  Given the difficulties in reassembling a case with the passage of time, the government will likely encounter obstacles.  Assuming, however, that the government will suffer no prejudice, Defendant still should not be allowed to withdraw his plea since he has not met his initial burden of providing a fair and just reason for withdrawal.  See United States v. Rasmussen, 642 F.2d 165, 168 n. 6 (5th Cir. Unit B 1981) (absence of a showing of prejudice by the government is not sufficient to require withdrawal of the plea where no credible reason is proffered).

Defendant may not like the statutory penalties that he is facing, but they were explained to him when he entered his guilty plea.  The statutory penalties will not change if Defendant proceeds to trial.  Upon consideration of the record in this case, Defendant's reason for withdrawal does not constitute a "fair and just" reason.  Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Withdraw Plea (doc. 326) is denied.

DONE AND ORDERED this 14th day of May, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge